UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Ehlers,<br><br>           Plaintiff,<br><br>v.<br><br>University of Minnesota,<br><br>           Defendant. | Civil No. 18-CV-02794 (PJS/TNL)<br><br>PROTECTIVE ORDER |

This matter is before the Court on the parties' Stipulation for Protective Order. (ECF No. 13). Based on the stipulation of the parties, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 26(c), confidential information shall be disclosed in the designated ways:

1. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" and "Confidential – Attorneys' Eyes Only"[1] documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

---

[1] The term "Confidential" throughout this agreement also refers to any material designated "Confidential – Attorneys' Eyes Only".

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c). All records, data, and correspondence relating to or involving Plaintiff's medical conditions and treatment shall be deemed confidential regardless of how, when, or by whom produced and whether or not presently marked as confidential.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a)    the Court and its staff;

    (b)    Attorneys, their law firms, and their Outside Vendors;

    (c)    persons shown on the face of the document to have authored or received it;

    (d)    court reporters retained to transcribe testimony;

    (e)    the parties; and

    (f)    outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members

or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents not initially designated as confidential produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for

depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10. In connection with any motion filed with this Court, only those portions of a party's submission meeting the requirements for protection from public filing (e.g., protected by attorney-client privilege or work product doctrine, meets the standards articulated by Fed. R. Civ. P. 26(c)(1)(G), or prohibited from disclosure by a statute, rule or regulation) shall be filed under seal. The mere fact that the filing party has designated

the material as confidential or produced it subject to a protective order is not, standing alone, a sufficient basis for filing the material under seal. If a party intends to submit in connection with a motion a document the party believes in good faith does not qualify for filing under seal but which has been designated by another party as confidential or otherwise protected, the party intending to file the document shall follow the procedures set forth in this Order to challenge the designation of the document to the extent possible before the party's submission is due. **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.** If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

11.     Any submission filed with the court that is sealed and posted on the CM/ECF system with a placeholder shall be sent electronically or hand-delivered to all parties and to the chambers of Magistrate Judge Tony N. Leung on the same day the documents are posted on the CM/ECF system.

12. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

17. **Prior Orders. All prior consistent orders remain in full force and effect.**

18. **Remedies. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Dated: January 4, 2019        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Ehlers v. University of Minnesota*
Case No. 18-cv-2794 (PJS/TNL)

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

 I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

 I am currently employed by _____, located at _____, and my current job title is _____.

 I have read and I understand the terms of the Protective Order dated _____, filed in Civil No. 18-CV-02794-PJS-TNL, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

 I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

 As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

 I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____     _____
     (Date)               (Signature)

# EXHIBIT B
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | 5, 8, 12-15, 23-25 | X | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | 16-20, 26-27 | X | | | | *Confidential medical records.* |