# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Ehlers, | Case No. 18-cv-2794 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| University of Minnesota, | |
| Defendant. | |

David R. Forro, Caldecott & Forro, PLC, 8441 Wayzata Boulevard, Suite 285, Golden Valley, MN 55426 (for Plaintiff); and

Brent P. Benrud and Carrie Ryan Gallia, University of Minnesota, Office of the General Counsel, 200 Oak Street Southeast, Suite 360, Minneapolis, MN 55455 (for Defendant).

This matter is before the Court on Attorney David R. Forro's Motion to Withdraw as Counsel of Record Without Substitution (Mot. to Withdraw, ECF No. 25). This matter was set for a hearing on January 24, 2020. (ECF No. 28.) Finding no hearing necessary, the Court strikes the hearing, *see* D. Minn. LR 7.1(b), and grants the motion as set forth below.

## I. BACKGROUND

Attorney Forro has moved to withdraw as counsel in this matter for Plaintiff Jessica Ehlers pursuant to D. Minn. Local Rule 83.7(c). (*See generally* Mot. to Withdraw.) Defendant University of Minnesota has taken no position on the motion.

Following the filing of the motion, there have been a number of e-mails sent to the chambers of the undersigned by Ms. Ehlers and Attorney Forro between January 10 and

1

17, 2020.[1]  The Court has concluded that these communications are more appropriately viewed only by the parties in this case given the subject matter.[2]

## II. ANALYSIS

Under District of Minnesota Local Rule 83.7(c), withdrawal of counsel in the absence of substitute counsel may only be allowed upon a motion and a showing of "good cause." "What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Cabo Holdings, LLC v. Englehart*, No. 07-cv-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008) (citing *Spearman v. Salminen*, 379 N.W.2d 627, 632 (Minn. Ct. App. 1986)); *accord Int'l Decision Sys., Inc. v. Cont'l First Fed., Inc.*, No. 08-cv-4961 (DWF/TNL), 2009 WL 10471192, at *1 (D. Minn. June 29, 2009). Good cause for withdrawal has been found "where there has been a 'complete breakdown in the attorney-client relationship.'" *BBY Solutions, Inc. v. Karreman*, No. 10-cv-4726 (MJD/TNL), 2012 WL 12897874, at *1 (D. Minn. Oct. 12, 2012) (quoting *Luiken v. Domino's Pizza LLC*, No. 09-cv-516 (DWF/AJB), 2009 WL 4723296, at *3 (D. Minn. Dec 2, 2009)); *see also Cabo Holdings*, 2008 WL 4831757, at *4 (noting good cause exists "where a degree of fractiousness, between the client and counsel, has developed which inhibits the just, speedy, and inexpensive determination of the action" (quotation omitted)).

---

[1] Opposing counsel was copied on all but one of the e-mails.
[2] All of these communications have been, or will soon be, docketed. (*See, e.g.*, ECF No. 30.)

As evidenced in the communications with the Court, the Court finds that there has been a complete breakdown in the attorney-client relationship. Accordingly, the Court concludes that there is good cause for withdrawal without substitution and Attorney Forro's motion to withdraw is granted. Attorney Forro and the law firm of Caldecott & Forro, PLC are no longer counsel of record for Ms. Ehlers.

Based on Ms. Ehlers's correspondence, the Court understands that she is currently seeking new counsel. The Court finds that there is presently good cause to extend the majority of the existing deadlines in the Second Amended Pretrial Scheduling Order for approximately 60 days,[3] and will issue a Third Amended Pretrial Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4).

Attorney Forro shall serve a copy of this Order upon Ms. Ehlers via mail and e-mail along with a copy of the Third Amended Pretrial Scheduling Order. **Attorney Forro shall file an affidavit with the Court no later than January 28, 2020, detailing the efforts to serve Ms. Ehlers with these documents.**

**The Court urges Ms. Ehlers to obtain new counsel immediately, and to notify this Court of such as soon as possible. The Third Amended Pretrial Scheduling Order sets forth the pending deadlines in this matter and Ms. Ehlers is cautioned that she is subject to those deadlines just as any attorney would be. Ms. Ehlers is further cautioned that a failure to prosecute this action, comply with all applicable rules, or abide by the Court's orders may result in dismissal of this matter under Rule 41(b). Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply**

---

[3] The Court does not see a need to extend the deadline for the parties' June 1, 2020 status letter.

**with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").**

## III. ORDER

Based on the foregoing, and the file, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The January 24, 2020 motion hearing (ECF No. 28) is **STRICKEN**.

2. Attorney Forro's Motion to Withdraw as Counsel of Record Without Substitution (ECF No. 25) is **GRANTED**.

3. A Third Amended Pretrial Scheduling Order shall issue shortly.

4. Attorney Forro shall serve a copy of this Order and the Third Amended Pretrial Scheduling Order upon Ms. Ehlers via mail and e-mail. **Attorney Forro shall file an affidavit with the Court no later than January 28, 2020, detailing the efforts to serve Ms. Ehlers with these documents.**

5. The Clerk of Court shall update Ms. Ehlers's contact information as follows:

    Jessica Ehlers
    1180 Burr Street North
    St. Paul, MN 55130
    jehlers01@gmail.com

    The Clerk of Court shall also send to Ms. Ehlers copies of this Order, the Third Amended Pretrial Scheduling Order, and the Court's Pro Se Civil Guidebook, a resource for litigants representing themselves in federal court.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or

partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January  17 , 2020                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *Ehlers v. University of Minnesota*
                                            Case No. 18-cv-2794 (SRN/TNL)